IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER LEE HARRIS, | ) | CASE NO. 1:16-CV-2547 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| KIMBERLY CLIPPER, | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Walter Lee Harris ("Harris" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Harris is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State v. Harris*, Cuyahoga County Court of Common Pleas Case No. CR 15-592778.

For the following reasons, it is recommended the Petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

**I. Procedural History**

**A.     Trial Court Proceedings**

In March 2015, a Cuyahoga County Grand Jury indicted Harris on multiple counts of rape, attempted rape, sexual battery, gross sexual imposition, and kidnaping. *See* Public Docket Sheet for *State v. Harris*, Cuyahoga County Court of Common Pleas Case No. CR 15-5922778.

Harris pled not guilty.

Jury trial commenced on April 5, 2016.  On April 12, 2016, the jury reported it was unable to reach a verdict.  New counsel was thereafter appointed.

On June 22, 2016, Harris filed a *pro se* motion for dismissal based upon the alleged violation of his speedy trial rights.  Thereafter, on August 17, 2016, Harris filed a *pro se* motion "requesting acquittal for retrial double jeopardy."  (*Id*.)  Several months later, on October 6, 2016, Harris filed a motion to suppress evidence.

Jury trial commenced for a second time on October 24, 2016.  On October 28, 2016, Harris was found guilty of eight counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2); five counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5); eight counts of kidnaping in violation of Ohio Rev. Code § 2905.01(A)(4); four counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(1); one count of attempted rape in violation of Ohio Rev. Code § 2923.02/2907.02(A)(2); and one count of attempted sexual battery in violation of Ohio Rev. Code § 2923.02/2907.03(A)(5).  (Doc. No. 9-1.)  Several of these counts included sexual motivation specifications and findings that the victim was under the age of 18.  (*Id*.)

In an entry journalized on November 22, 2016, Harris was sentenced to an aggregate prison sentence of eleven (11) years.  (*Id*.)   He was given a total of 48 days of Cuyahoga County Jail Time credit.  (*Id*. at 4.)

**B.     Direct Appeal**

On December 21, 2016, Harris filed a notice of appeal to the Eighth District Court of Appeals of Ohio.  *See* Public Docket for *State v. Harris*, CA-16-105284.  Harris' appeal remains

pending as of the date of this Report & Recommendation.

**C.     Federal Habeas Petition**

On October 17, 2016, prior to his conviction and sentence, Harris filed the instant habeas petition naming Cuyahoga County Sheriff Clifford Pinkney as the Respondent and raising the following four grounds:

   1.      Plaintiff alleges complaint, I'm being unlawful detained.

   2.      Was unlawful search and arrest.

   3.      Bond was revoked based on unknown third state warrant.

   4.      Waiting retrial violates Plaintiff speedy trial rights, subjects him to Double Jeopardy.

   5.      Violation of Constitution rights, Fourth, Fifth, Sixth, the Eighth, Fourteenth Amendments.

(Doc. No. 1.)  The entirety of his Petition reads as follows:

> Cleveland Police Detective Cynthia Bazilius filing a arrest warrant on 1-15-15 with no probable cause, Det. Bazilius arrest the Plaintiff on 1-20-15 with no search warrant supported by Oath, no court reporter recording are filed with the Clerk of Court. $200,000 cash/surety/prop. Date posted 1-22-15.  Plaintiff bond has not been forfieted by Cuyahoga County Court of Common Pleas.
>
> Plaintiff was unlawful arrest on September 22, 2015 by the Cuyahoga County Sheriff Dept. Was order by Cleveland Police Detective Cynthia Bazilius Badge 1336 to arrest the Plaintiff 9-22-15.  Failure to request for a copy of the Extradition Warrant that never existed from the State of California.  Government later revoked the bond based on unknown third state warrant. Plaintiff has no detained hold's any why.
>
> Plaintiff trial held 15th months later violating his Constitution rights to the Sixth Amendment.  Plaintiff speedy trial rights was never waiver.  On 4-12-16, a jury trial end but resulted in a hung jury, trial court declaring a mistrial.  Plaintiff still restrained of his liberty waiting for retrial, case at bar being open for over 21 months injustice.  Government violating Fifth Amendment Double Jeopardy Clause of U.S. Constitution.

3

> Please investigate this matter and issue a writ.

(Doc. No. 1.)

On December 6, 2016, Kimberly Clipper, Warden of the Lorain Correctional Institution ("LORCI"), filed a Motion to Intervene and Substitute as Party. (Doc. No. 8.) Therein, Clipper argued that, "[a]lthough Harris was in the Cuyahoga County Sheriff's custody when he filed his § 2254 petition, on November 8, 2016, Harris was convicted and sentenced in Cuyahoga County Common Pleas Case No. CR 15-592778-A and he is currently incarcerated at LORCI under those sentences." (*Id*.) The Court granted Clipper's motion on December 8, 2016 and substituted her as the proper Respondent.

On the same date she filed her Motion to Intervene and Substitute, Respondent also filed a Motion to Dismiss the Petition for Failure to Exhaust. (Doc. No. 9.) Harris filed a response on December 16, 2016, to which Respondent replied. (Doc. Nos. 11, 12.)

## II. Analysis

Respondent argues Harris' petition should be dismissed without prejudice because "state court direct and collateral review of [his] convictions and sentences has not yet concluded and Harris has not exhausted his available state court remedies." (Doc. No. 9 at 2.) Respondent notes Harris' judgment entry of conviction and sentencing was only recently journalized on November 22, 2016. His direct appeal of right to the state appellate court has not yet been completed and Harris can further appeal any resulting appellate decision to the Ohio Supreme Court. Respondent also notes Harris may additionally file a motion for post-conviction relief and/or motion for new trial. Respondent argues that, since direct review has not concluded, Harris' AEDPA statute of limitations has not started running and Harris will not be harmed by a

4

dismissal without prejudice. Lastly, she maintains it would not be appropriate to stay and abey Harris' petition because it is not a "mixed petition."

    Harris' response, in its entirety, is as follows:

> Petitioner file his Writ of Habeas Corpus on October 17, 2016 before he was convicted or sentenced in Cuyahoga County Common Pleas Case No. CR-15-592778. In addition, a petitioner has only to exhaust state remedies which existed at the time the Federal Petition was filed. After the first trial, therefore, petitioner has no reason to exhaust state remedies. Clifford Pinkney's County Sheriff should remain the Respondent and Respond to the Writ or Ohio Attorney General for Warden Kimberly Clipper.
>
> Petitioner first trial ended on 4-12-2016 but resulted in a Hung Jury, trial court declared a mistrial. Second trial ended on 10-28-2016 the jury returns a verdict of guilty, Petitioner states since there was no issuance of reindictment.
>
> Petitioner is actually innocent of the conviction or sentence has been deprived of a fundamentally fair trial, due to fact both trial counsel failing to submit the Medical Report Evidence at trial and to instructed the report to jury. Violation of due process Strickland v. Washington. Trial was not support by sufficient evidence, only testimonial proof. Alleged victim lie about the sexual assault.
>
> Petitioner states to seek a third trial for the same charges, issue, evidence, conduct would violation the Double Jeopardy Clause in the Fifth Amendment.
>
> Petitioner Complaint filed on 1-3-2015 second trial was held on 10-24-2016, defendant brought to trial 656 days a clear violation of Speedy Trial Statute O.R.C. 2945.71. No court any longer has jurisdiction the court shall enter an order dismissing the action with prejudice. Violation Sixth Amendment and Ohio Constitution.

(Doc. No. 11.)

    Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all his constitutional claims to the highest state court and to all appropriate state courts prior to that. *See* 28 U.S.C. § § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir.1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th

5

Cir.1987). To fulfill the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). In order to fairly present habeas claims to the state courts, such claims must be presented at the first available opportunity. *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994). A habeas petitioner bears the burden of demonstrating he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *See Caver v. Straub,* 349 F.3d 340, 345 (6th Cir. 2003); *Rust,* 17 F.3d at 160; *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice, or administratively stayed, pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker*, 533 U.S. 167, 182-84, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring); *Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *cf. Rhines v. Weber*, 544 U.S. 269, 276-77, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). A federal court may exercise its "limited discretion" in holding a petition in abeyance if a petitioner presents a "mixed petition;" that is, one containing both exhausted and unexhausted claims. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515–16, 102

S.Ct. 1198, 71 L.Ed.2d 379 (1982). To do so, Petitioner must show he meets the criteria set forth in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The procedure is only appropriate when: (1) there is good cause for failure to exhaust in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277–78.

Here, it is clear Harris has not fairly presented his federal habeas claims through the requisite levels of state appellate review to the Ohio Supreme Court. Harris' sentence was journalized on November 22, 2016, and filed his direct appeal in the state appellate court on December 21, 2016. This appeal is still pending as of the date of this Report & Recommendation. As Harris' direct appeal of right is not yet completed, he has "failed to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 842. Thus, Harris' habeas claims are clearly unexhausted.

Moreover, the Court agrees with Respondent that stay and abeyance is not appropriate under *Rhines, supra*. As an initial matter, Harris has not requested that his Petition be stayed. Nor has he alleged or demonstrated there is a risk his Petition will be barred by AEDPA's one year statute of limitations if it is dismissed without prejudice at this time.[1] Even assuming, however, that Harris' *pro se* filings could be interpreted as requesting a stay, the Court finds stay

---

[1] Pursuant to § 2244(d)(1)(A), the limitations period under AEDPA runs from the date on which the state court judgment becomes "final" by conclusion of direct review or the expiration of the time for seeking such review, whichever is later. Here, Harris' conviction and sentence has not become "final" for purposes of AEDPA because his direct review has not yet concluded. Thus, the limitations period has not begun to run, as of the date of this Report & Recommendation.

7

and abeyance would not be appropriate under the circumstances presented. In *Rhines*, the Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances," because it "has the potential to undermine . . . AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Accordingly, the Supreme Court determined stay and abeyance is appropriate only where the petition is a "mixed petition" (i.e., one containing both exhausted and unexhausted claims) and the petitioner can show (1) good cause for his failure to exhaust; (2) his unexhausted claims are not "plainly meritless;" and (3) there is no indication the petitioner engaged in "intentionally dilatory litigation tactics." *Id*. at 277-78; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Here, it does not appear Harris' Petition is a "mixed petition," as all of the claims asserted therein are unexhausted. Further, Harris has failed to demonstrate either good cause for his failure to exhaust his claims in the state courts, or that his unexhausted claims are potentially meritorious. *Rhines*, 544 U.S. at 278.

Accordingly, for all the reasons set forth above, it is recommended the instant Petition be dismissed without prejudice because Harris' habeas claims are unexhausted and a stay and abeyance is not appropriate.

### III. Conclusion

For all the reasons set forth above, it is recommended that the instant Petition be DISMISSED WITHOUT PREJUDICE as unexhausted.

Date: December 28, 2016        *s/ Jonathan D. Greenberg*
                                                                    Jonathan D. Greenberg
                                                                    United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  **28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See* <u>United States v. Walters</u>**, 638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**