UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER LEE HARRIS, | ) | CASE NO. 1:16-CV-2547 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| KIMBERLY CLIPPER, | ) | |
| | ) | **ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |

This matter comes before the Court upon the Report and Recommendation (ECF #15) of Magistrate Judge Jonathan Greenberg issued on December 28, 2016. The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner, Walter Lee Harris, pursuant to 28 U.S.C. § 2254 (ECF #1) be dismissed without prejudice.

**Factual and Procedural History**

On October 17, 2016, prior to his conviction and sentence, Harris filed the instant habeas petition and raised five grounds for relief, summarized as:

"1. Plaintiff alleges complaint, I'm being unlawful detained.

2. Was unlawful search and arrest.

3. Bond was revoked based on unknown third state warrant.

4. Waiting retrial violates Plaintiff speedy trial rights, subjects him to Double Jeopardy.

5. Violation of Constitution rights, Fourth, Fifth, Sixth, the Eighth, Fourteenth

Amendments."

(ECF #1).

On October 28, 2016, Harris was found guilty of eight counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2); five counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5); eight counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4); four counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(1); one count of attempted rape in violation of Ohio Rev. Code § 2923.02/2907.02(A)(2); and one count of attempted sexual battery in violation of Ohio Rev. Code § 2923.02/2907.03(A)(5). (ECF #9). On November 22, 2016, Harris was sentenced to a prison term of 11 years. *Id*. On December 21, 2016, Harris filed a notice of appeal to the Eighth District Court of Appeals of Ohio. That appeal is still pending. *See* Public Docket for *State v. Harris*, CA-16-105284.

## Report and Recommendation

The Magistrate Judge recommended that this petition be dismissed without prejudice. He found that the petition could not be granted because Harris's habeas claims are unexhausted. At this time, his direct appeal to the state appellate court is still pending. Therefore, Harris has not fairly presented his constitutional claims through the requisite levels of state appellate review to the Ohio Supreme Court. Because all of the claims are unexhausted, this is not a "mixed petition." Further, Harris has failed to demonstrate both good cause for his failure to exhaust his claims in the state courts and that his unexhausted claims are potentially meritorious. For the foregoing reasons, a stay and abeyance is not appropriate in this case. Petitioner has filed no timely objection to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation and, after careful evaluation of the record, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-supported, and correct. The Report and Recommendation (ECF #15) is ADOPTED.

The Petition for Writ of Habeas Corpus filed by Walter Lee Harris pursuant to 28 U.S.C. § 2254 is hereby DISMISSED without prejudice.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 28, 2017